JOHN SNOWBERG vs. NELSON-SPENCER PAPER COMPANY.

June 23, 1890.

Master and Servant—Defective Machinery — Promise to Remedy.—
Complaint *held* not to show assumption of risk, nor contributory negli-
gence, on the part of a servant injured in the use of dangerously defect-
ive machinery.

Action brought in the district court for Otter Tail county, to recover
$15,200 damages for personal injuries, the case made by the com-
plaint being as follows: On December 1, 1888, the plaintiff was in
defendant's service, his duty being to operate a machine (fully de-
scribed) known as a straw-cutter. On that day the defendant negli-
gently built a shed against the mill, darkening the room where the
cutter was situated, and at times the darkness was intensified by the
escape of steam from a defective attachment in a rotary bleacher in
the same room. On January 12, 1889, and for several weeks before,
the surface of the feed rolls of the cutter had become worn, dulled,
and clogged so as not to work as effectively as they should, and the
pinion by which they were revolved had become worn, and would at
times slip and remain stationary on its bearing, and not turn the
rolls, or would turn them irregularly with sudden stops and starts;
and the cogs on the pinion had become worn so as at times to slip
by those of the feed rolls; and two of the knives on the cutting cylin-
der had been broken and removed, thereby throwing it out of balance
and greatly impairing its efficiency; and part of the top of the curb-
ing or feed box in front of the rolls had been removed by defendant.
On January 12, 1889, the chaff, which was intended to and did pass
through an opening in the bottom of the feed box, had completely
filled the space between such opening and the mill floor, so that the
lower feed roll could not adjust itself upon its springs to receive the
straw for the cutter, and plaintiff proposed to defendant to remove
the accumulation, but was sent to work in another part of the mill,
where he was employed until about three o'clock, and was then di-
rected to begin cutting straw with the cutter. When he entered the

room to resume work at the cutter, the room was filled with steam and darkened, and, in consequence of the accumulation of chaff and the above-mentioned defects in the machinery, the straw would not pass through the feed rolls, so that plaintiff was obliged to and did attempt to force the straw through the rolls by pressing with his hands, and, while doing so, the resistance was suddenly removed, and his left hand was caught in the rolls and drawn through until the arm was cut off. Plaintiff had notified the defendant (at what time is not stated) of all the above-mentioned defects, and the defendant had promised him that at the earliest possible time the mill should be so arranged that there would be no further need of the cutter, and had specially requested him to continue operating it until such change could be made, which would be in a very short time; and on the morning of the day of the accident the defendant informed him that it would not be necessary to clear away the accumulations under the machine or to repair it, as it would not be used after that day. Plaintiff remained in defendant's service wholly on account of and relying on defendant's promise and in daily expectation of being relieved from operating the cutter.

A general demurrer to the complaint was overruled by *Baxter*, J., and the defendant appealed.

*Hale & Peck* and *Parsons & Brown*, for appellant.

*T. Z. Root* and *Clapp & Houpt*, for respondent.

GILFILLAN, C. J. The allegations of this complaint are not so precise and definite as might be desired as to some of the facts, but the pleading will suffice as against a demurrer. There can be no doubt that the defects in the machinery which rendered it dangerous for plaintiff to work with it, and also the danger he was in by reason of such defects, were known to plaintiff, so that he would be taken to have assumed the risk, were it not for the alleged promise of the defendant to remedy the defects, and its request to plaintiff to continue using the machinery until it should remedy them, bringing the case within the recognized exception to the general rule that a servant who uses defective machinery, knowing of the defects and the consequent dangers, does so at his own risk. Of course, one who is within the exception may be so negligent in the use of the machinery

that any injury to himself will be chargeable in a greater or less degree to his own negligence, in which case he cannot recover. The manner of the injury to plaintiff, as stated in the complaint, is suggestive of this. It alleges, however, that it was necessary for him to do as he did, and in the face of that allegation it cannot be said that contributory negligence appears so that the case ought to be withheld from a jury.

Order affirmed.